[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12177

_____

D.C. Docket Nos. 1:16-cv-03719-LMM; 15-bkc-64711-MGD

IN RE: HAMPTON ISLAND OWNERS' ASSOCIATION, INC.

Debtor,

_____

HAMPTON ISLAND HOLDINGS, LLC,
THE HAMPTON ISLAND CLUB, LLC,
BLUE HERON INVESTMENTS, LLC,
FULCRUM LOAN HOLDINGS, LLC,
HAMPTON ISLAND CLUB, LLC,
HAMPTON ISLAND, LLC,
LIBERTY CAPITAL, LLC,
REFLECTIONS HOUSE, LLC,
TURTLE LAKE HOLDINGS, LLC,

Plaintiffs - Appellants,

HAMPTON LAND HOLDINGS, LLC,

Plaintiff,

versus

LEE BURTON,
THOMAS BURTON,

SPOTTAIL LANDING, LLC,
REBECCA TALLMAN,
EDWARD TALLMAN, et al.,

                                            Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 22, 2018)

Before ROSENBAUM and JILL PRYOR, Circuit Judges, and BARTLE,[*] District
Judge.

PER CURIAM:

This appeal arises out of a protracted, multi-fora dispute between a number

of property owners (the "Property Owners," who are appellees in this case) on

Hampton Island, a residential real estate development on the Georgia coast, and

real estate developer Ron Leventhal (who is not a party to this appeal), along with

several entities he owns and controls, including Hampton Island Owner's

Association, Inc. ("HIOA," also a non-party) and the appellants in this case

(together, the "Leventhal entities").  In the midst of state-court litigation among

these parties, HIOA filed Chapter 11 bankruptcy.  Seeking to identify HIOA's

assets and liabilities, particularly amounts owed to or by the Leventhal entities, the

Property Owners sought discovery under Bankruptcy Rule 2004 from the

_____

[*] Honorable Harvey Bartle III, United States District Judge for the Eastern District of
Pennsylvania, sitting by designation.

2

Leventhal entities. *See* Fed. R. Bankr. P. 2004 (authorizing the bankruptcy court to "order the examination of any entity" by "any party in interest" so long as the examination "relate[s] only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge"). The bankruptcy court granted the Property Owners' discovery requests. After finding that the Leventhal entities failed to comply with its order compelling production of certain documents, the bankruptcy court imposed sanctions, jointly and severally, on the Leventhal entities. The Leventhal entities appealed the sanctions order to the district court, which affirmed. *See* Order Affirming Sanctions Award, *Hampton Island Holdings, LLC et al. v. Burton et al.*, No. 1:16-CV-03719-LMM (N.D. Ga. April 12, 2017). The Leventhal entities then appealed to this Court.

After careful review of the record, and with the benefit of oral argument, we agree with the district court's analysis and adopt its reasoning as our own, with the exception of a portion of Part III.c of the district court's order that addresses the Leventhal entities' argument that the bankruptcy court failed to make a finding that each entity violated its discovery obligations such that it properly could be held jointly and severally liable for the sanctions award. The district court determined that the Leventhal entities had failed to argue to the bankruptcy court that some entities had not violated any discovery obligation, and the Leventhal entities

3

therefore had failed to preserve any such argument.  The Leventhal entities appear to us to have sufficiently preserved this argument, however, at least with respect to some of the entities' failure to produce tax returns.  Nevertheless, we agree with the district court's alternative ruling that the Leventhal entities' argument fails on the merits.  The bankruptcy court found that all of the Leventhal entities failed to comply with their discovery obligations, and that finding is supported by the record.  Even if not all of the Leventhal entities were required to or could produce tax returns, they all were required to produce general ledgers in compliance with the court's order and the Federal Rules of Civil Procedure—that is, in the electronic form in which the ledgers were "ordinarily maintained or in a reasonably usable form," Fed. R. Civ. P. 34(b)(2)(E)(ii)—and all failed to do so by the deadline the bankruptcy court set.

We affirm the district court's order upholding the bankruptcy court's imposition of sanctions, jointly and severally, upon the Leventhal entities.

**AFFIRMED.**